Argued September 6, affirmed September 27, 1973

OLSON ET UX, *Appellants, v.* WILLIAMS ET AL, *Respondents.*

514 P2d 552

*Denny Z. Zikes,* Portland, argued the cause for appellants. With him on the brief were McCarty & Swindells, Portland.

*Gino P. Pieretti, Jr.,* and *Thomas J. Curran,* Portland, argued the cause for respondents. With them on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Ridgway K. Foley, Jr., Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN,\* HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a suit to quiet title to a strip of land which plaintiffs claim by adverse possession. The trial court held that title by adverse possession was not established and entered a decree in favor of defendants. Plaintiffs appeal.

The strip in question is within the perimeters of defendants' land, and lies along the eastern boundary of plaintiffs' land.

The trial court found that plaintiffs' possession was not adverse because it lacked the requisite openness and notoriety necessary to afford reasonable notice to defendants that an adverse claim to their property was being asserted by plaintiffs. The record quite clearly reveals that all other elements of adverse possession were established.

Plaintiffs take the position that on the basis of the evidence in this case the trial court could not reasonably have concluded that plaintiffs' possession was not open and notorious. To support this position plaintiffs rely principally upon the evidence which shows that in 1959 they planted a row of 22 ornamental cedar trees along the line now claimed by them as the boundary. There was also evidence that plaintiffs had, from 1952 to 1971, cultivated the land "right up to the line" which plaintiffs considered to be their east property line. It is contended that these trees (which were cut down by defendants in the summer of 1971) and

---

\* Holman, J., did not participate in this decision.

plaintiffs' cultivation of the garden area gave adequate notice of plaintiffs' claim to the strip in dispute.

However, there was evidence that it was extremely difficult to discern where the boundary line lay because in that area the land was covered with brush trees and undergrowth in such profusion and density that it made the ornamental trees indistinguishable from the surrounding natural growth. This, it was pointed out, was especially true during the period of years when the ornamental trees were in their initial stages of development.

The trial judge viewed the premises and the surrounding area and concluded that, although it was likely that in 1969 or 1970 the ornamental trees probably would have been adequate to give notice of plaintiffs' claim, there was insufficient proof that such notice would have existed earlier when the trees more or less blended into the surrounding landscape.

We do not find anything in the record that would prompt us to disagree with the trial judge's conclusion.

Decree affirmed.